(No. 4007 )

CLARENCE R. HIERONYMUS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 18, 1947.*

ROBERT H. ALLISON, for claimant;

GEORGE F. BARRETT, Attorney General;

C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

ECKERT, C. J.

On August 21, 1946, the claimant, Clarence R. Hieronymus, employed by the respondent in the Department of Public Works and Buildings, Division of Highways, as a laborer, while completing the greasing of a mud-jack, stumbled on the tongue of a service trailer, and fell backwards, striking his head and back on rough ground. Although the injury was painful, he returned to his work until .evening when, at the suggestion of his foreman, he consulted Dr. Hubert Lang, of Armington, Illinois.

Dr. Lang reported, after his examination, that claimant had suffered a severe contusion and sprain of the thoracic-lumbar region of his back. The doctor prescribed bed rest, heat and taping. X-rays were negative for a recent fracture.

On November 12, 1946, the claimant was taken to St. Francis Hospital, at Peoria, for examination and treatment by Dr. Hugh Cooper. Claimant returned to his home four days later, and Dr. Cooper submitted the following report to the respondent:

"Mr. Clarence Hieronymus has been in the hospital for a few days for a general checkup examination. I took care of him several years

ago when he fell from a truck causing an injury of his cervical spine. He had, even at that time, a very severe hypertrophic spondylitis of the whole spinal column causing a great deal of limitation of motion. This is so severe that I doubt if he should be doing very active physical work, if that was his only disability. He, however, began to show some epileptiform seizures following his original injury while he was still in the hospital. He returned to work for the Department, but I believe still has these peculiar epileptic attacks.

"I believe that we must regard these epileptic attacks as being in some way related to his injury a number of years ago. Certainly it is not safe for him to try to carry on any remunerated activity, as these attacks come quite commonly and would make his work quite dangerous. His hypertrophic changes in his spine are also rather severe and would almost prevent his doing any active work even though he did not have the attacks. I believe we have to regard his condition as a permanent complete disability so far as active work is concerned."

On December 9, 1946, Dr. Cooper submitted the following supplementary report:

"I wish to supplement my recent report on Mr. Clarence Hieronymus as I did not in my recent statement make any statement with regard to his accident of August 21, 1946. He apparently had a rather hard fall at that time landing on his head and immediately began to have more and more trouble with his back pain. Although he has had a generalized hypertrophic arthritis of the spine, he has been able to work with it. The aggravation of this condition, by his fall in August, has made him almost completely disabled.

"Since this man's injury some years ago he has been having some mild epileptiform attacks. It is probable that he had an attack at the time of this fall in August, although this is not a provable point. Considering the hypertrophic spondylitis, which he has, and peculiar epileptiform seizures which have been getting gradually worse, I believe that this man is disabled completely so far as remunerative employment is concerned."

Dr. Lang also submitted a further report in December, 1946, in which he stated that claimant had a severe arthritis of the spine, and healed fractures of the spine from an older injury. Dr. Lang stated, however, that, since the accident of August 21, 1946, claimant's back pains had been more severe, and the epileptic spells, which began after an injury in 1943, had been aggravated.

From these reports, and the testimony taken before

Commissioner Jenkins, it appears that claimant is a man sixty-seven years of age, married, but with no children under sixteen years of age dependent upon him for support. He was first employed by the respondent in 1941, and received a service connected injury, resulting in a broken vertebra, during the year 1943. Following his recovery from that injury, he was re-employed by the respondent. Since the injury of August 21, 1946, claimant has been wholly incapacitated.

At the time of the accident, claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this State, and notice of the accident and claim for compensation were made within the time provided by the act. The accident arose out of and in the course of claimant's employment. No claim is made for temporary total disability, nor for medical expenses, which were paid by the respondent. Claim, however, is made for total permanent disability.

Claimant's earnings during the year immediately preceding his injury were $1,584.00. His compensation rate is, therefore, the maximum of $15.00; since the injury occurred subsequent to July 1, 1945, this must be increased 20%, making a compensation rate of $18.00 per week.

The Court finds that claimant is totally and permanently disabled, and that he is entitled to an award of $18.00 per week for a period of 266 weeks, and one week at $12.00 per week, or a total award of $4,800.00, and thereafter a pension for life. From this award of $4,800.00 must be deducted the sum of $298.27 which was paid by the respondent for temporary total disability.

An award is, therefore, entered in favor of the claimant, Clarence R. Hieronymus, in the amount of $4,501.73, payable as follows:

$ 709.73, which has accrued as of September 18, 1947, is payable forthwith.

$3,792.00, payable in weekly installments of $18.00, beginning September 18, 1947, with a final payment of $12.00; and thereafter a pension for life in the sum of $384.00 annually, payable in monthly installments of $32.00.

Future payments being subject to the terms and conditions of the Workmen's Compensation Act of Illinois, jurisdiction of this cause is specifically reserved for the entry of such further orders as may from time to time be necessary.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."